UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY, *et al.*,<br><br>Defendants.<br>_____/ | No. C-11-3262 EMC-MMS-RS<br><br>**ORDER RE SUPPLEMENTAL BRIEFING** |

    Plaintiff the United States has filed suit against Defendants Alameda County, its registrar of voters (in his official capacity), and the Alameda County Board of Supervisors, claiming that they have failed to provide effective election-related information and assistance to Chinese and Spanish speaker as required by Section 203 of the Voting Rights Act. *See* 42 U.S.C. § 1973aa-1a. Defendants have not made a formal appearance in this lawsuit. However, at the time that the United States filed the complaint, it also submitted a stipulation signed by counsel for Defendants, in which the parties jointly requested entry of a consent decree that the parties had negotiated.

    A court has an obligation to review a proposed consent decree to ensure that "it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). A "court is not necessarily barred from entering a consent decree merely because the decree provides broader relief than the court could have awarded at trial." *Id.* (internal quotation marks omitted). Rather, "[a]s long as the consent decree comes within the general scope of the case made by the pleadings, furthers the objectives upon which the law is based, and does not violate the statute upon which the complaint

was based, the parties' agreement may be entered by the court." *Id.* (internal quotation marks omitted). However, a consent decree -- because it is an injunction -- must be sufficiently specific such that it gives fair notice of the proscribed or required conduct. *See Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996).

Here, the panel has reviewed the proposed consent decree submitted by the parties. Based on that review, the panel concludes that additional information from the United States and/or Defendants would be helpful for the panel in evaluating the fairness of the consent decree. More specifically, the panel asks the parties to address the following matters.

(1) In paragraph 8, the consent decree provides that "translated materials must include all of the relevant information provided in the English language version." The use of the phrase "all of the relevant information" is arguably vague. Can the decree provide greater specificity?

(2) In paragraph 10, the consent decree provides that the County shall affirmatively contact Hispanic and Chinese organizations in the County and organizations that serve Spanish-speaking or Chinese-speaking citizens to inform them of the decree and to solicit their assistance in contacting limited-English proficient voters. It is not clear how the County is supposed to identify these groups.

(3) In paragraph 14(d) of the consent decree, there is a special provision that provides relief for the County where persons identified as of Hispanic origin at the block level group are less than three percent of the population. There is no comparable provision with respect to persons identified as Chinese in origin. What is the reasoning for the differential treatment? In addition, it is not clear what effect paragraph 14(d) will have on the number of bilingual election officials at the precinct level.

(4) Pursuant to paragraphs 14 and 15 of the consent decree, the numbers to trigger the need for bilingual election officials differs for Spanish and Chinese. Again, is there a basis for the differential treatment?

(5) In paragraph 34, the consent decree provides that the County has an obligation to issue public notice and solicit public comment if it wishes to move for termination of the decree. The method by which the County should issue notice and solicit comment is not clear.

(6) Title 28 U.S.C. § 2284 provides that, "[i]f the action is against a State, or officer or agency thereof, at least five days' notice of hearing of the action shall be given by registered or certified mail to the Governor and attorney general of the State." The parties should address whether a county is considered an arm of the state or an agency thereof for purposes of this section.

The supplemental briefing shall be filed within two weeks of the date of his order. Because Defendants have not made a formal appearance in this case, the Court orders the United States to serve a copy of this order on Defendants within three days of its receipt of the order.

IT IS SO ORDERED.

Dated: September 21, 2011

_____
MARY M. SCHROEDER
United States Circuit Judge

_____
EDWARD M. CHEN
United States District Judge

_____
RICHARD SEEBORG
United States District Judge