ATTACHMENT 2(a)

R. ALEXANDER ACOSTA
Assistant Attorney General

KEVIN V. RYAN, United States Attorney
JOANN M. SWANSON, A.U.S.A. (#88143)
Telephone: (415) 436-7200
Facsimile: (415) 436-7234

JOSEPH D. RICH, Chief
JOHN TANNER, Special Counsel
JOHN "BERT" RUSS, Trial Attorney (#192471)
ABEL GOMEZ, Trial Attorney
Voting Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Ave., N.W. - NWB-7254
Washington, D.C. 20530
Telephone:  (202) 353-7738
Facsimile:  (202) 307-3961

Counsel for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CONSENT DECREE, JUDGMENT,** |
| | ) | **and ORDER** |
| SAN BENITO COUNTY, CALIFORNIA; | ) | |
| JOHN R. HODGES, the COUNTY | ) | |
| CLERK, AUDITOR, & RECORDER, | ) | |
| in his official capacity; and | ) | |
| the SAN BENITO COUNTY BOARD | ) | |
| OF SUPERVISORS, | ) | |
| | ) | |
| Defendants. | ) | |

The United States of America filed this action pursuant to

Section 203 of the Voting Rights Act of 1965 ("Section 203"), as

amended, 42 U.S.C. 1973aa-1a; Section 302 of the Help America

Vote Act of 2002 ("HAVA"), 42 U.S.C. 15482; 42 U.S.C. 1973aa-2;

42 U.S.C. 15511; and 28 U.S.C. 2201, over violations of Section

203 of the Voting Rights Act arising from San Benito's election
practices and procedures as they affect Spanish-speaking
citizens of the County, and violations of Section 302 of HAVA
arising from Defendants' failure to provide and post required
information at San Benito County's polling places during the
March 2, 2004 primary election for Federal office.

The Complaint's first cause of action under Section 203 of
the Voting Rights Act, 42 U.S.C. 1973aa-1a, must be heard and
determined by a court of three judges pursuant to 42 U.S.C.
1973aa-2 and 28 U.S.C. 2284.  The second cause of action, under
Section 302 of HAVA, may be heard and determined by one judge.

San Benito County has been subject to the requirements of
Section 203 of the Voting Rights Act, 42 U.S.C. 1973aa-1a, with
respect to Spanish language since 1975.  See 40 Fed. Reg. 41,827
(Sept. 9, 1975).  The county has been continuously covered under
Section 203 for Spanish until the present.  See, e.g., 49 Fed.
Reg. 25,887 (Jun. 25, 1984); 57 Fed. Reg. 43,213 (Sept. 18,
1992).  In the most recent determination of coverage in 2002,
the county's coverage was based on a determination by the
Director of the Census that more than 5 percent of the citizens
in the County are members of a single language minority group
(Spanish heritage or Hispanic) who do not speak English well
enough to participate effectively in the English-language
election process, and the illiteracy rate of these persons as a
group is higher than the national illiteracy rate.  See 67 Fed.
Reg. 48,871 (July 26, 2002).  Since 1992, the Department has
sent San Benito County and other jurisdictions covered under
Section 203 information regarding Section 203's requirements.

-2- **Consent Decree, Judgment & Order**

San Benito County has been subject to the requirements of Section 302 of HAVA since January 1, 2004. These requirements applied to the county's March 2, 2004 primary election for Federal office.

Defendants have failed to comply with the requirements of Section 203 for Spanish-speaking citizens residing in San Benito County, California. The Defendants have violated Section 203 requirements by failing to provide for an adequate number of bilingual poll workers trained to assist Spanish-speaking voters on election day, and by failing to translate written election materials and information into Spanish, including the official ballot.

Defendants have also failed to comply with Section 302 of HAVA during its March 2, 2004 election, by not providing written information to voters as required by 42 U.S.C. 15482(a)(5)(A); by not posting all information required by 42 U.S.C. 15482(b); and by not informing voters who cast a rejected provisional ballot the reason their vote was not counted, as required by 42 U.S.C. 15482(a)(5)(B).

To avoid protracted and costly litigation, the parties have agreed that this lawsuit should be resolved through the terms of this Consent Decree (hereinafter, the "Decree"). Accordingly, the United States and Defendants hereby consent to the entry of this Decree, as indicated by the signatures of counsel at the end of this document. The parties waive a hearing and entry of findings of fact and conclusions of law on all issues involved in this matter.

-3- **Consent Decree, Judgment & Order**

Defendants do not contest that they have failed to provide limited English proficient ("LEP") Hispanic citizens in San Benito County with Spanish-language election information and assistance as required by Section 203, and they do not contest that they failed to provide the information required by Section 302 of HAVA during their March 2, 2004 primary election for Federal office.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Defendants, their agents, employees, contractors, successors, and all other persons representing the interests of the Defendants are hereby PERMANENTLY ENJOINED from failing to provide in Spanish any "registration or voting notices, forms, instructions, assistance or other materials or information relating to the electoral process, including ballots" that they provide in English, as required by Section 203 of the Voting Rights Act, as amended. 42 U.S.C. 1973aa-1a(c). With the exception of Paragraphs two and eight regarding HAVA requirements, the terms of this Decree apply to all federal, state, and local elections administered by the county, including county-run elections for city, school district, and other political subdivisions of the county. Whenever Defendants enter into an election services contract with any other entity, political subdivision, or political party to conduct an election on behalf of that entity, Defendants shall require such other entity to agree to abide by the terms of this Decree as if such entity were a party to this Decree with the United States, and

–4– **Consent Decree, Judgment & Order**

1  consistent with the responsibility of each such entity to comply

2  fully with Section 203.

3      2.    Defendants, their agents, employees, contractors,

4  successors, and all other persons representing the interests of

5  the Defendants are hereby PERMANENTLY ENJOINED from failing to

6  provide the information required under Section 302 of HAVA,

7  including written information to voters who cast provisional

8  ballots, the posted information required by Section 302(b), and

9  information on Defendants' free access system for voters who

10  cast provisional ballots regarding whether their ballots were

11  counted, and if not, the reasons their ballots were rejected.

12  42 U.S.C. 15482.  Paragraphs two and eight of this Consent

13  Decree apply to all elections for Federal office.

14      **Translation of Election-Related Materials**

15      3.    All information that is disseminated by San Benito

16  County in English about "registration or voting notices, forms,

17  instructions, assistance, or other materials or information

18  relating to the electoral process, including ballots," 42 U.S.C.

19  1973aa-1a(c), shall also be provided in the Spanish language.

20  Defendants shall ensure that both English and Spanish language

21  election information, materials, and announcements provided by

22  San Benito County are made equally available.

23      4.    Defendants shall employ trained and/or certified

24  translators who are familiar with Spanish-language election

25  terminology to produce all written translations, clearly and

26  accurately.  The county shall develop and maintain a glossary of

27  Spanish election terminology in consultation with bilingual

28

–5– **Consent Decree, Judgment & Order**

members of local Hispanic community, who will review the
accuracy and accessibility of the translations.

5.   Defendants shall adopt a checklist identifying each
Spanish-language and bilingual material that the county makes
available to the public at each polling place.  The checklist
shall include with respect to each item an attestation that the
poll workers at the polling place posted or made available to
voters these Spanish-language or bilingual materials, or a
detailed written explanation of why individual items had not
been posted or were not available.  The inspectors for each
polling place must complete and sign this document before the
inspector receives payment for work in the election, subject to
applicable state and federal law.  Defendants shall maintain a
record of each such failure to complete and sign the checklist.

### Dissemination of Spanish-Language Information

6.   Defendants shall ensure that Spanish-language
election information, materials, and announcements are provided
to the same extent as they are provided in English.  Spanish-
language information shall be distributed in newspapers, radio,
and/or other media that exclusively or regularly publish or
broadcast information in Spanish.  These announcements need not
be identical in all respect to English-language announcements,
but shall be in the form, frequency, and media best calculated
to achieve notice and understanding equal to that provided to
the English-speaking population and to provide substantially the
same information.

7.   The official ballot and absentee ballots shall be
translated bilingually into both English and Spanish.  Any new

–6– **Consent Decree, Judgment & Order**

voting system adopted by the county shall offer a bilingual ballot or offer Spanish-speaking voters the readily apparent option of a Spanish ballot, and any audio version of the ballot on such machines shall be available in English and Spanish.

**Information Required Under the Help America Vote Act**

8.   San Benito County shall comply will all applicable provisions of the Help America Vote Act of 2002 (hereinafter, "HAVA").  All information required to be posted in polling sites by Section 302 of the Help America Vote Act of 2002 (hereinafter, "HAVA"), 42 U.S.C. 15482, et seq., shall be posted at all polling sites and shall be in English and Spanish.  This information includes, but is not limited to, written information given to the voter casting a provisional ballot on how they may ascertain if their provisional ballot was counted, and if not, the reason the ballot was not counted, see 42 U.S.C. 15482(a)(5)(A), and the six categories of information required to be posted under 42 U.S.C. 15482(b).  For example, Defendants must post a sample version of the ballot that will be used for that election, in English and Spanish, in each polling location. See 42 U.S.C. 15482(b)(2)(A).  Defendants shall provide a free access system for informing voters about whether their provisional ballot has been counted, and if it has been rejected, the reason for the rejection.  The information on this system shall be available to each provisional voter in both English and Spanish.  See 42 U.S.C. 15482(a)(5)(B).

**Spanish-Language Assistance**

9.   Spanish-language assistance shall be available at all locations where election-related transactions are conducted.

Trained bilingual (Spanish/English) election personnel shall be
available to answer voting-related questions by telephone
without cost and during normal business hours and while the
polls are open on election days.

10. Defendants shall recruit, hire, and assign election
officials able to understand, speak, read, and write Spanish
fluently to provide assistance to Spanish-speaking voters at the
polls on election days. The County shall survey its employees
to identify personnel who speak Spanish fluently and, to the
extent such employees can be made available to provide
assistance, allow and encourage such employees to serve at the
polls on election day. As part of its obligation to ensure that
entities on whose behalf the County conducts elections are fully
compliant with Section 203 in their elections, the County shall
request that each entity for which it conducts elections perform
similar surveys of its employees; the County shall request that
each school district or other educational entity with which the
County contracts implements a program that allows and encourages
selected bilingual students (as allowed by state law and as part
of an educational program devised by such district) to serve as
poll officials on election day for all county elections,
including election days that fall on school days, with such
students receiving academic credit appropriate to their service
as well as all pay and benefits of poll officials; and the
County shall request from such entities and maintain copies of
all election-related materials and information created or
disseminated by such entities for each election. The County
shall advise counsel for the United States of any entity that

-8- **Consent Decree, Judgment & Order**

1  does not participate fully.  The county shall also invite

2  eligible members of the Advisory Group, discussed below, to

3  serve as poll officials and to encourage other bilingual voters

4  to do so.

5       11.  Any polling place in which there are 100-249

6  registered voters with Spanish surnames shall be staffed by at

7  least one bilingual election official.  Any polling place in

8  which there are 250-499 registered voters with Spanish surnames

9  shall be staffed by at least two bilingual election officials.

10  Any polling place in which there are 500 or more registered

11  voters with Spanish surnames shall be staffed by at least three

12  bilingual election officials.  Defendants shall employ bilingual

13  personnel, trained in Spanish-language election terminology,

14  who shall be on call and available to travel to a polling place

15  not staffed by a bilingual poll worker to provide any necessary

16  assistance to any Spanish-speaking voter.

17       12.  Signs in both English and Spanish shall be posted

18  prominently at polling places stating that Spanish-language

19  assistance is available.  At sites without bilingual staff,

20  signs in both English and Spanish shall be posted that explain

21  how voters can obtain Spanish-language assistance.

22       **Election official training**

23       13.  Prior to each election, in addition to any required

24  state or county training, the county shall train all poll

25  officials and other election personnel present at the polls

26  regarding the following:  The provisions of Section 203 of the

27  Voting Rights Act, including the legal obligation and means to

28  make Spanish-language assistance and materials available to

                                    –9–  **Consent Decree, Judgment & Order**

voters; the requirement that poll officials be respectful and
courteous to all voters regardless of race, ethnicity, color, or
language abilities and to avoid inappropriate comments; and the
provisions of Section 302 of the Help America Vote Act, as they
apply to elections for Federal office.  In addition to the
general training for poll officials, the county shall train all
bilingual poll officials on Spanish-language election
terminology, voting instructions, and other election-related
issues.  The county shall maintain a record of which poll
officials attend training sessions, including the time,
location, and training personnel involved.

**Response to Complaints About Poll Workers**

14.  Defendants, upon receipt of complaints by voters,
whether oral or written, shall investigate expeditiously any
allegations of poll worker hostility toward Spanish-speaking
and/or Hispanic voters in any election.  The results of the
investigation(s) conducted by the Defendants shall be reported
to the United States.  Where there is credible evidence that
poll workers have engaged in inappropriate treatment of Spanish-
speaking and/or Hispanic voters, Defendants shall remove the
poll workers.

**Program Coordinator**

15.  The county shall employ an individual to coordinate
the County's bilingual election Program ("the Coordinator") for
all elections within the county.  The county shall provide that
individual with transportation and other support sufficient to
meet the goals of the Program.  The Coordinator shall be able to
understand, speak, write, and read fluently both Spanish and

English.  The Coordinator shall work under the supervision of
the County Clerk, Auditor, & Recorder.  The Coordinator's
responsibilities shall include coordination of translation of
ballots and other election information; development of a Spanish
election glossary to ensure uniform use of election terminology
in Spanish; development and oversight of Spanish publicity
programs, including selection of appropriate Spanish-language
media for notices and announcements; recruitment and assessment
of Spanish-language proficiency of bilingual poll officials and
interpreters; and managing other aspects of the Program.

**Advisory Group**

16.  The Coordinator shall establish and chair an Advisory
Group to assist and inform the bilingual Program.  The
Coordinator shall invite participation from all interested
individuals and organizations that work with or serve the
Spanish-speaking community in San Benito County, to determine
how most effectively to provide election materials, information,
and assistance to Spanish-speaking voters, and to fill any gaps
in public awareness about the county's bilingual election
program due to past failures to provide accessible election-
related information to Spanish-speaking voters.  The Advisory
Group shall meet at least once a month in 2004, and as the group
determines in 2005-2006.  The Coordinator shall provide notice
of all planned meetings to each member, including the time,
location, and agenda for the meeting, at least 14 days in
advance.  Within five days following each meeting, the
Coordinator shall provide a written summary to all members and
to the County Clerk, Auditor, & Recorder of the discussion and

–11– **Consent Decree, Judgment & Order**

any decisions reached at the meeting.  If the County Clerk, Auditor, & Recorder decides not to implement an Advisory Group suggestion or a consensus cannot be reach respecting such suggestion, he or she shall provide to the group through the Coordinator and maintain on file a written statement of the reasons for rejecting such suggestion.

17.  The County shall transmit to all interested members of the Advisory Group copies, in English and Spanish, of all election information, announcements, and notices that are provided to the electorate and general public and request that they share with their members.

**Federal Examiners and Observers**

18.  To monitor compliance with and ensure effectiveness of this Decree, and to protect the Fourteenth Amendment rights of the citizens of San Benito County, the appointment of a federal examiner is authorized for San Benito County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. 1973a(a), through December 31, 2006.

19.  Defendants shall recognize the authority of federal observers to observe all aspects of voting conducted in the polls on election day, including the authority to view county personnel providing assistance to voters during voting, except where the voter objects.

**Evaluation of plan**

20.  The parties recognize that regular and ongoing reassessment may be necessary to provide the most effective and efficient Spanish-language Program.  Defendants shall evaluate the bilingual Program after each election (e.g., following 2004

-12- **Consent Decree, Judgment & Order**

elections) to determine which aspects of the bilingual Program
are functioning well; whether any aspects need improvement; and
how to affect needed improvements.  The Program may be adjusted
at any time upon joint written agreement of the parties.

**Retention of Documents and Reporting Requirements**

21.  During the duration of this Decree, the county shall
make and maintain as public documents written records of all
actions taken pursuant to this Decree.

22.  During the duration of this Decree, at least ten (10)
days before each County-administered election held in the
County, Defendants shall provide to counsel for the United
States, (a) the name, address, and precinct designation of each
polling place; (b) the name and title of each poll official
appointed and assigned to serve at each polling place; (c) a
designation of whether each poll official is bilingual in
English and Spanish; (d) copies of any signs or other written
information provided at polling places or given to voters to
comply with Section 302 of HAVA; and (e) an electronic copy of
the voter registration list to be used in such elections.
Within thirty (30) days after each election, Defendants shall
provide to counsel for the United States any updated report
regarding changes in items (a)-(d) above that occurred at the
election, and provide information about all complaints the
county received at the election regarding language or assistance
issues.

**Other Provisions**

23.  This Decree is final and binding between the parties
and their successors in office regarding the claims raised in

-13- **Consent Decree, Judgment & Order**

this action.  This Decree shall remain in effect through December 31, 2006, and the United States may within 90 days of that date move to extend the Decree for good cause shown, in the event of a violation of any provision contained herein by the county.

24.  The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with Section 203 of the Voting Rights Act and Section 302 of HAVA.

25.  Each party shall bear its own costs and fees.

–14– **Consent Decree, Judgment & Order**

Agreed to this _25_ day of ___May___ , 2004.

AGREED AND CONSENTED TO:

For Plaintiff:                          For Defendants:
UNITED STATES OF AMERICA
                                        /s/ Karen R. Forcum

KEVIN V. RYAN                           _____
United States Attorney                  KAREN FORCUM
                                        San Benito County Counsel
R. ALEXANDER ACOSTA                     481 Fourth Street, 2nd floor
Assistant Attorney General              Hollister, CA  95023
Civil Rights Division


/s/ John Bert Russ
_____
JOSEPH D. RICH, Section Chief
JOHN TANNER, Special Litigation Counsel
JOHN "BERT" RUSS, Trial Attorney
ABEL GOMEZ, Trial Attorney
Voting Section
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Ave., N.W. - NWB-7254
Washington, D.C.  20530

–15– **Consent Decree, Judgment & Order**

**JUDGMENT AND ORDER**

This three-judge Court, having been properly empaneled under 28 U.S.C. 2284 and 42 U.S.C. 1973aa-2 to consider the United States' claim under Section 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973aa-1a, and having determined that it has jurisdiction over this claim, has considered the terms of the Consent Decree, hereby enters the relief set forth above and incorporates those terms herein. The Court hereby enters the relief set forth in this Decree, with the exception of paragraphs two and eight, which addresses only the United States' second cause of action under Section 302 of the Help America Vote Act.

ENTERED and ORDERED this _1st____ day of __October_____, 2004.



   _/s/Carlos Bea_____
   UNITED STATES CIRCUIT JUDGE


   /s/Jeremy Fogel _____
   UNITED STATES DISTRICT JUDGE


   /s/James Ware_____
   UNITED STATES DISTRICT JUDGE

**Consent Decree, Judgment & Order**

**JUDGMENT AND ORDER**

The Court, having jurisdiction over plaintiff's claims under Section 302 of the Help America Vote Act of 2002, 42 U.S.C. 15482 (plaintiff's Second Cause of Action), has considered the terms of the Consent Decree set forth above and incorporates those terms herein.  The Court hereby enters the relief set forth in paragraphs 2, 8, 13, 18, 19, 21, 22, 23, 24, and 25.

ENTERED and ORDERED this __1st___ day of __October_____, 2004.


    /s/James Ware_____
    UNITED STATES DISTRICT JUDGE

**Consent Decree, Judgment & Order**

ATTACHMENT 2(b)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  4:09-cv-1058 |
| | ) | |
| FORT BEND COUNTY, TEXAS, | ) | **CONSENT DECREE, JUDGMENT,** |
| | ) | **and ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

The United States of America filed this action pursuant to Sections 4(f)(4) and 208 of the

Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973b(f)(4) and 1973aa-6, and Section 302(a)

of the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15482(a). The Court has jurisdiction

over the matter pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. §§ 1973j(d), 1973j(f), and 15511.

According to the 2000 Census, Fort Bend County had a total population of 354,450 persons,

of whom 74,785 (21.10%) were Hispanic. The total voting age citizen population was 213,097, of

whom 34,262 were Hispanic. Of Fort Bend County's Hispanic voting age citizen population, 8,300

were limited-English proficient.

Fort Bend County is covered under Section 4(f)(4) of the Voting Rights Act, as amended, 42

U.S.C. § 1973b(f)(4) ("Section 4(f)(4)"), to provide Spanish language written materials and

assistance to voters. The State of Texas, including Fort Bend County, has been subject to the

requirements of Section 4(f)(4) since September 23, 1975. 40 Fed. Reg. 43,746; see also 28 C.F.R.

pt. 51, Appendix. As a result, Fort Bend County has been under notice of its obligations under

Case 4:09-cv-04068   Document 4   Filed in TXSD on 04/10/2009   Page 21 of 75

Section 4(f)(4) since 1975.  The Department of Justice has sent Fort Bend County and other covered jurisdictions information regarding the bilingual election requirements of the Voting Rights Act. Plaintiff alleges that Defendant has not complied with all of the requirements of Section 4(f)(4) for Spanish-speaking citizens residing in Fort Bend County by failing to provide an adequate number of bilingual poll officials trained to effectively assist Spanish-speaking voters on election day, and by failing to provide in an effective manner certain election-related information to Spanish-speaking voters.

Fort Bend County is subject to the requirements of Section 208 of the Voting Rights Act, as amended, 42 U.S.C. § 1973aa-6 ("Section 208").  Section 208 provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 42 U.S.C. § 1973aa-6.  Plaintiff alleges that Fort Bend County, through its employees and agents, prevented some limited-English proficient Spanish-speaking voters from securing assistance at the polls necessary for their participation in the voting process, in violation of Section 208.

Plaintiff also alleges that Defendant has failed to ensure that its polling places and poll workers comply with the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. §§ 15301 et seq., as it applies to Federal elections.  Among other things, Plaintiff alleges that the County has failed to ensure that provisional ballots are provided to all voters in Federal elections who believe that they are eligible to vote in the elections, even if the voter is not listed in the registration book.  42 U.S.C. § 15482(a).  Further, Plaintiff alleges that the County has failed to ensure that all provisional voters have received information on how to ascertain the outcome of their provisional ballots.  42 U.S.C.

§ 15482(a)(5)(A). Plaintiff alleges that Fort Bend County has not met these HAVA requirements, in part, because it fails to train its poll workers adequately, monitor poll workers' compliance with HAVA, or otherwise ensure compliance in its polling places.

To avoid protracted and costly litigation, the parties have agreed that this lawsuit should be resolved through the terms of this Consent Decree (the "Decree"). Accordingly, the United States and Defendant hereby consent to the entry of this Decree, as indicated by the signatures of counsel at the end of this Order. The parties waive a hearing and entry of findings of fact and conclusions of law on all issues involved in this matter. Each party shall bear its own costs and fees.

Without admitting or denying that it has not fully complied with all of the provisions of Sections 4(f)(4) and 208 of the Voting Rights Act and Section 302(a) of the Help America Vote Act, Defendant continues to be committed to comply fully with all of such requirements in future elections. Therefore, to confirm its commitments, Defendant stipulates that each provision of this Decree is appropriate and necessary.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.   Defendant, its agents, employees, contractors, successors, and all other persons representing the interests of Defendant are hereby PERMANENTLY ENJOINED from:

   a.   Failing to provide in Spanish "any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," that they provide in English, as required by Section 4(f)(4) of the Voting Rights Act, 42 U.S.C. § 1973b(f)(4);

3

    b.       Prohibiting "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write . . . [to] be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union," 42 U.S.C. § 1973aa-6; and

    c.       Failing to ensure that poll workers receive adequate training regarding the use and distribution of provisional ballots under Section 302(a) of HAVA.

2.      The terms of this Decree apply to all Federal, state, and local elections that are administered by the County. Whenever Defendant enters into an election services contract with any other entity, political subdivision, or political party to conduct an election on behalf of that entity, Defendant shall require such entity to agree to abide by the terms of this Decree as if such entity were a party to this Decree with the United States, and consistent with the responsibility of each entity to comply fully with Sections 4(f)(4) and 208 of the Voting Rights Act and Section 302(a) of the Help America Vote Act.

**Assistors of Choice**

3.      Defendant shall ensure that Spanish-speaking voters who require assistance to vote by reason of blindness, disability, or inability to read or write may be given or permitted assistance from persons of the voters' choice, other than the voters' employers or agents of those employers or officers or agents of the voters' unions, and that such assistance shall include assistance in the voting booth, including reading or interpreting the ballot and instructing voters on how to select the voters' preferred candidates.

**Translation and Dissemination of Election-Related Materials**

4.     All information that is disseminated by Fort Bend County in English about "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," 42 U.S.C. § 1973b(f)(4), shall also be provided in the Spanish language.

5.     Defendant shall ensure that all Spanish and English language election information, materials, and announcements are made equally available.  Spanish language information shall be distributed to newspapers, radio, the Internet, and other media known to Defendant that exclusively or regularly publish or broadcast information in Spanish to the local population.  Defendant's distribution of these minority language announcements shall be in the form, frequency, and media best calculated to achieve notice and understanding equal to that provided to the English-speaking population and to provide substantially the same information, but need not be identical in all respects to English language announcements.

Defendant may rely upon recommendations of the Advisory Group with regard to the requirements of this Paragraph.

**Spanish Language Assistance**

6.     Spanish-language assistance shall be available at all locations where election-related transactions are conducted, including early voting locations.  Trained bilingual (Spanish and English fluent) election personnel shall be available to answer voting-related questions by telephone without cost during normal business hours and while the polls are open on election days.  The County may coordinate the provision of such services with other governmental entities that conduct elections.

7.      Fort Bend County and the Fort Bend County Elections Administrator shall recruit, hire, and assign poll officials able to understand, speak, write, and read Spanish fluently to provide effective assistance to Spanish-speaking voters at the polls on election days, including at early voting locations.

8.      Fort Bend County shall survey its employees to identify personnel who speak Spanish fluently and, to the extent Fort Bend County in its sole discretion believes such employees can be made available to provide assistance, allow and encourage such employees to serve at the polls on election day.  The County shall request that cities, school districts, and other entities that are involved in elections conducted by Fort Bend County perform similar surveys of their employees. The County shall also request each school district or other educational entity within the County to devise and implement a program that allows and encourages bilingual students selected (as permitted by state law and as part of an educational program devised by such district) to serve as poll officials on election day for all County elections, including election days that fall on school days, with such students receiving the pay and benefits provided by law for such poll officials.  The County shall advise counsel for the United States of any entity that does not participate fully in the event that there is difficulty obtaining sufficient bilingual personnel.

9.      The County shall invite eligible members of the Advisory Group, discussed below, to serve as poll officials and to encourage other bilingual voters to do so.

10.     In addition to the requirements of state law,

    a.      Any election precinct in which there are 100-249 registered voters with Spanish surnames shall be staffed by at least one bilingual election official or poll worker;

6

b.     Any election precinct in which there are 250-499 registered voters with Spanish surnames shall be staffed by at least two bilingual election officials or poll worker;

c.     Any election precinct in which there are 500 or more registered voters with Spanish surnames shall be staffed by at least three bilingual election officials or poll worker;

d.     Each early voting location shall be staffed by at least one bilingual election official or poll worker; and

e.     Defendant shall employ bilingual personnel, trained in Spanish language election terminology, who shall be on call and available to travel to a precinct or early voting location, insufficiently staffed by bilingual poll officials or poll workers as required under Paragraph 10(a)-(d) above.

The parties may, by written agreement or recommendation of the Advisory Group, discussed below, adjust these requirements in light of reliable information that the actual need for language assistance in a particular polling place is lesser or greater than these standards or that the anticipated voter turnout is substantially lower than average voter turnout.

11.     Signs in both English and Spanish shall be posted prominently at all polling places stating that Spanish language assistance is available.  At sites without bilingual staff, signs in both English and Spanish shall be posted that explain how voters can obtain Spanish language assistance.

**Election official training**

12.     Prior to each election, in addition to any required state or county training, the County shall provide training to all poll officials and other election personnel present at the polls or early voting locations regarding the following:

   a.     The provisions of Section 208 of the Voting Rights Act, including the legal obligation to allow anyone to assist the voter at the polls, other than the voter's employer or agent of that employer or officer or agent of the voter's union; and

   b.     The provisions of Section 4(f)(4) of the Voting Rights Act, including the legal obligation and means to make Spanish language assistance and materials available to voters, and the requirement that poll officials be respectful and courteous to all voters regardless of race, ethnicity, color, or language abilities and to avoid inappropriate comments; and

   c.     Section 302(a) of the Help American Vote Act, including the right of individuals who are not, but believe they should be, listed in the voter registration list to cast a provisional ballot and the obligation of the County to provide provisional voters with information on how to ascertain the outcome of their provisional ballots.

In addition to the general training for poll officials, the County shall provide training to all bilingual poll officials on Spanish language election terminology, voting instructions, and other election-related issues.  The County shall maintain a record of which poll officials attend training

8

sessions, including the time, location, and training personnel involved. The County shall allow representatives of the Department of Justice to attend any training provided pursuant to this Decree.

### Response to Complaints About Poll Officials

13.    Defendant, upon receipt of complaints by voters, whether oral or written, shall investigate expeditiously any allegations of poll official hostility toward Spanish-speaking and/or Hispanic voters in any election conducted by Fort Bend County. The results of the investigation(s) conducted by the Defendant shall be reported to the United States within 30 days. Where there is credible evidence that poll officials have engaged in inappropriate treatment of Spanish-speaking or Hispanic voters, Defendant shall remove those poll officials.

### Spanish Language Election Program Coordinator

14.    The County shall designate an individual to coordinate the County's Spanish language election program ("the Coordinator") for all elections within the County. The County shall provide the Coordinator with support sufficient to meet the goals of the program. The Coordinator shall be able to understand, speak, write, and read fluently both Spanish and English. The Coordinator's responsibilities shall include coordination of the translation of ballots and other election information; development and oversight of Spanish publicity programs, including selection of appropriate Spanish language media for notices and announcements; training, recruitment, and assessment of Spanish language proficiency of bilingual poll officials and interpreters; and managing other aspects of the program.

9

## Advisory Group

15.     The County shall establish an Advisory Group to assist and inform the Spanish language election program as provided in Exhibit A, attached hereto.  The Advisory Group shall be open to any interested person or organization.  The County shall maintain a roster of the Advisory Group members together with the telephone and facsimile numbers or e-mail addresses of each member.  The Advisory Group shall meet regularly for six months  prior to the first election conducted by the County under the Decree,  and at least once during the two months after the election.  Thereafter, the Advisory Group shall meet as it determines is necessary so long as it meets at least three times during the six months before the November 2009 general election, at least once during the two months after the November 2009 general election, and at least twice during the five months before the November 2010 general election.  The parties may by writing adjust the Advisory Group's meeting schedule after consultation with the Advisory Group.  The Coordinator shall provide notice of all planned meetings, including the date, time, location, and agenda at least 14 days in advance of such meeting, although members of the Advisory Group may agree to waive or shorten this time period as necessary.  The Coordinator shall preside over all Advisory Group meetings and shall have the right to direct participation of the Advisory Group so that meetings are focused on promoting equal language access to election-related activities and other related issues.

16.     Within five days after each meeting, the Coordinator shall provide a written summary of the discussion and any decisions reached at the meeting to all Advisory Group members and to the Election Administrator.  If the Election Administrator decides not to implement an Advisory Group's suggestion or a consensus cannot be reached respecting such suggestion, the Election Administrator shall provide to the Advisory Group through the Coordinator, and maintain on file,

10

a written statement of the reasons for rejecting such suggestion. The County shall provide a copy of each such summary and report to each member of the Advisory Group and to any additional interested member of the public who requests such information.

17.     The County shall transmit to all members of the Advisory Group, and to any additional interested member of the public who requests such information, in English and Spanish, copies of all election information, announcements, and notices that are provided or made available to the electorate and general public, and request that they share such information with others.

**Federal Observers**

18.     To monitor compliance with and ensure effectiveness of this Decree, and to protect the Fourteenth Amendment rights of the citizens of Fort Bend County, the appointment of Federal observers is authorized for Fort Bend County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a), as long as the Decree is in effect.

19.     Defendant shall recognize the authority of Federal observers to observe all aspects of voting conducted in the polls on election day, including the authority to view County personnel providing assistance to voters during voting, except where the voter objects.

**Evaluation of plan**

20.     The parties recognize that regular and ongoing reassessment may be necessary to provide the most effective and efficient Spanish language program. Defendant shall evaluate the Spanish language election program after each election to determine which aspects of the program are functioning well; whether any aspects need improvement; and how to effect needed improvements. The program may be adjusted at any time upon joint written agreement of the

11

parties.

### Retention of Documents and Reporting Requirements

21.     During the duration of this Decree, the County shall make and maintain written records of all actions taken pursuant to this Decree and shall produce copies of such records to the United States upon its request.  See generally 42 U.S.C. §§ 1974, 1974b.

22.     During the duration of this Decree, at least 30 days before each County administered election held in the County, Defendant shall provide to counsel for the United States:

>   (a)     the name, address, and precinct designation of each polling place and early voting location;

>   (b)     the name and title of each poll official appointed and assigned to serve at each polling place and early voting location, as of the date the materials are sent;

>   (c)     a designation of whether each poll official is bilingual in English and Spanish;

>   (d)     an electronic copy of the voter registration list to be used in such elections as of the date the materials are sent;

>   (e)     copies of any signs or other written information provided at polling places; and

>   (f)     agendas and minutes from previous meetings of the Advisory Group.

Within 45 days after each such election, the County shall provide to counsel for the United States any updated report regarding changes in these items, as well as (1) information about all complaints the County received at the election regarding language or assistance issues, and (2) the name of the voters who cast a ballot at each early voting location.  This information shall be sent by express mail or electronically to the following address:

> Voting Section
> United States Department of Justice
> Civil Rights Division
> 1800 G Street, N.W., Room NWB-7254
> Washington, D.C.  20006
> Facsimile: (202) 307-3961
> Yvette.Rivera@usdoj.gov

### Other Provisions

23.    This Decree is final and binding between the parties and their successors in office regarding the claims raised in this action.  Defendant shall employ its best efforts to implement all of the terms of this Decree by the May 9, 2009 municipal/school election conducted by the County.  Thereafter, Defendant must comply fully with the terms of this Decree, which shall remain in effect through December 31, 2012.

24.    The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with Sections 4(f)(4) and 208 of the Voting Rights Act and Section 302(a) of the Help America Vote Act.

25.    Within 20 days of the entry of this Decree, Defendant shall submit the voting

13

changes occasioned by this Decree to the Attorney General pursuant to Section 5 of the Voting

Rights Act, 42 U.S.C. § 1973c.

Agreed to this 9th day of April, 2009.

AGREED AND CONSENTED TO:

For Plaintiff:

ERIC HOLDER
Attorney General

LORETTA KING
Acting Assistant Attorney General
Civil Rights Division

TIM JOHNSON
Acting United States Attorney

/s Daniel David Hu
DANIEL DAVID HU
Assistant United States Attorney
Deputy Civil Chief
Texas Bar No. 10131415
P.O. Box 61129
Houston, TX  77208
713 567 9518
713 718 3303 (fax)
Daniel.hu@usdoj.gov

CHRISTOPHER COATES
Chief, Voting Section

YVETTE RIVERA
Special Litigation Counsel
OLIMPIA MICHEL
Trial Attorney
United States Department of Justice
Civil Rights Division, Voting Section
950 Pennsylvania Avenue NW
Room NWB-7254
Washington, D.C.  20530
202 305 4953
202 307 3961 (fax)
Yvette.Rivera@usdoj.gov

For Defendant:

ROY L. CORDES, JR.
Texas Bar No. 04821000
County Attorney
Fort Bend County

RANDALL W. MORSE
Texas Bar No. 14549700
First Assistant County Attorney
Litigation Division
MARY E. REVELES
Texas Bar No. 24007905
First Assistant County Attorney
General Counsel  Division
William B. Travis Building
301 Jackson, Suite 728
Richmond, Texas 77469
Telephone: (281) 341- 4555
Facsimile: (281) 341- 4557

ROBERT E. HEBERT
COUNTY JUDGE
FORT BEND COUNTY, TEXAS

## JUDGMENT AND ORDER

This Court, having considered the United States' claims under Sections 4(f)(4) and 208 of the

Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973b(f)(4) and 1973aa-6, and Section

302(a) of the Help America Vote Act, 42 U.S.C. § 15482(a), and having determined that it has

jurisdiction over this claim, has considered the terms of the Consent Decree, and hereby enters

the relief set forth above and incorporates those terms herein.

ENTERED and ORDERED this _13th_ day of _April_, 2009.

UNITED STATES DISTRICT JUDGE

Exhibit A
### SPANISH LANGUAGE ADVISORY GROUP

(a) **Generally.** The County will establish a "Spanish Language Advisory Group" to provide information and advice to Commissioners Court and the Elections Administrator on the most effective and efficient means of providing election materials, information and language assistance to Spanish-speaking voters who need such assistance.

(b) **Assistance.** The Spanish Language Advisory Group shall provide advice to the Elections Administrator regarding polling places that need (or do not need) workers fluent in both English and Spanish to provide oral language assistance to voters in the Spanish language and the number of language assistants necessary at such polling places to conduct a proper election. The Spanish Language Advisory Group shall provide assistance and advice in recruiting bilingual workers to assist with elections.

(c) **Materials.** The Spanish Language Advisory Group shall provide assistance if necessary in reviewing or creating the translation of election information and election materials.

(d) **Membership/Eligibility.** Commissioners Court shall appoint some of the members of the Spanish Language Advisory Group as follows: Two (2) members shall be selected by each member of Commissioners Court, two (2) members shall be selected by the Elections Administrator, and (1) member shall be selected by the County Chair of each political party holding a primary election in the county. To be eligible for appointment to the Spanish Language Advisory Group, a person (i) must be a United States citizen, (ii) must be a registered voter, (iii) may not hold an elected public office, (iv) may not be a candidate for public office as determined by Section 32.054 of the Election Code, (v) may not be employed by an elected public officer or candidate for a public office as determined by Section 32.054 of the Election Code, (vi) may not be related within the second degree of consanguinity or affinity (as determined under Chapter 573, Government Code) to an elected public officer or candidate for public office, and (vii) may not serve as a campaign treasurer or campaign manager (as determined by Section 32.0551, Election Code) of an elected public officer or candidate for public office. Any other interested person or organization may join the Advisory Group and have full rights to participate.

(e) **Terms.** Appointed members of the Spanish Language Advisory Group shall serve two year terms that begin on January 1st of odd-numbered years, except that members appointed in 2006 shall serve through December 31, 2008. Appointed Advisory Group members who have served in past or current terms shall be eligible for reappointment if they meet the eligibility requirements for membership.

(f) **Meetings.** The Spanish Language Election Program Coordinator shall serve as a facilitator for the Spanish Language Advisory Group and shall provide staff assistance for taking and preserving the minutes of the meetings of the Advisory Group. Meetings of the Advisory Group shall be open to the public and shall provide an opportunity for public comments. Meetings of the Advisory Group shall be held at a minimum of once per month during the three months prior to and one month after each primary or general election for state and county officers in even-numbered years, and at least three times in odd-numbered years.

ATTACHMENT 2(c)

1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                              DISTRICT OF ARIZONA
8

| | |
|---|---|
| 9  United States of America, | CASE NO.  CV 06-304 TUC-FRZ |
| 10          Plaintiff, | **THREE-JUDGE COURT** |
| 11  v. | |
| 12  COCHISE COUNTY, ARIZONA; | **CONSENT DECREE,** |
| 13  COCHISE COUNTY BOARD OF SUPERVISORS; CHRISTINE RHODES, | **ORDER AND JUDGMENT** |
| 14  in her official capacity as Cochise County Recorder; THOMAS SCHELLING, in his | |
| 15  official capacity as Cochise County Elections and Special Districts Director, | |
| 16          Defendants. | |

17

18          The United States of America filed this action pursuant to Sections 203 and 204 of

19   the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973aa-1a and 1973aa-2, and

20   Sections 302(b) and 401 of the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. §§

21   15482(b)  and 15511, arising from Cochise County's election practices and procedures.

22          The Census Bureau has designated Defendant Cochise County as subject to the

23   bilingual election requirements of Section 203 of the Voting Rights Act of 1965, as

24   amended ("Section 203"), for Hispanics. 67 Fed. Reg. 48871 (July 26, 2002).   The

25   determination that Cochise County is covered by Section 203 is final and not subject to

26   judicial review. See 42 U.S.C. § 1973aa-1a(b)(4).

1    Since July 26, 2002, Cochise County has been required, pursuant to Section 203, to

2    provide effective language assistance to limited-English proficient Hispanic voters, see 67

3    Fed. Reg. 48871 (July 26, 2002), and previously was required to do so from September 9,

4    1975 until September 18, 1992, see 40 Fed. Reg. 41827 (Sept. 9, 1975); 49 Fed. Reg. 25887

5    (June 25, 1984); 57 Fed. Reg. 43213 (Sept. 18, 1992).

6    According to the 2000 Census, Cochise County has a total population of 117,755,

7    of whom 36,195 (30.7%) are Hispanic, and a total voting age population of 86,860, of

8    whom 23,040 (26.5%) are Hispanic.  The County has a citizen voting age population of

9    80,670, of whom 18,095 (22.4%) are Hispanic and 4,325 are limited-English proficient

10    Hispanics (5.4%).

11    Defendants have failed to comply with the requirements of Section 203 for limited-

12    English proficient Spanish-speaking citizens residing in Cochise County by:

13    (1)    failing to provide complete and accurate Spanish translations of all public

14    materials produced in English, including, but not limited to, information

15    about voter registration, voting absentee, voting early, voting machine

16    instructions, and other election related information;

17    (2)    failing to recruit, appoint, train, and assign sufficient bilingual election

18    workers to assist Hispanic citizens with limited English proficiency; and

19    (3)    failing to provide certain election related information, including but not

20    limited to information publicizing elections, registration deadlines, and early

21    and absentee voting options, in a manner that provides limited-English

22    proficient Spanish-speaking voters an equal and effective opportunity to be

23    informed about election related activities.

24    Defendants have failed to post in each polling place during the 2004 elections for

25    federal office all of the voting information required by Section 302(b) of HAVA, including

26    but not limited to information regarding the date of the election, federal and state voting

2

1  laws, and instructions for mail-in registrants and first-time voters.

2  　　　To avoid protracted and costly litigation, the parties have agreed that this lawsuit

3  should be resolved through the terms of this Consent Decree (hereinafter, the "Decree").

4  Accordingly, the United States and Defendants hereby consent to the entry of this Decree,

5  as indicated by the signatures of counsel at the end of this document. The parties waive a

6  hearing and entry of findings of fact and conclusions of law on all issues involved in this

7  matter.

8  　　　Defendants do not contest that they have failed to provide limited-English proficient

9  Hispanic citizens in Cochise County with Spanish language election information and

10  assistance as required by Section 203, and they do not contest that they failed to provide the

11  information required by Section 302(b) of HAVA during their 2004 elections for federal

12  office.

13  　　　Accordingly,

14  　　　**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

15  　　　1.　　With the exception of Paragraphs 3, 26, and 27 regarding HAVA

16  requirements, the terms of this Decree apply to all federal, state, and local elections

17  administered by the County, in whole or in part, including municipal, school district, and

18  special district elections that the County administers.

19  **Injunction**

20  　　　2.　　Cochise County, its agents, employees, contractors, successors and all other

21  persons representing the interests of Cochise County are hereby **ENJOINED** from failing

22  to provide in Spanish any "registration or voting notices, forms, instructions, assistance or

23  other materials or information relating to the electoral process" that it provides in English,

24  as required by Section 203 of the Voting Rights Act of 1965, as amended. 42 U.S.C. §

25  1973aa-1a(c). Whenever Defendants enter into an election services contract with any

26  political subdivision, political party, or other entity to conduct an election on behalf of that

3

entity, Defendants shall require such other entity to agree to abide by the terms of this Decree as if such entity were a party to this Decree with the United States, consistent with the responsibility of each such entity to comply fully with Section 203.

3.    Cochise County, its agents, employees, contractors, successors and all other persons representing the interests of Cochise County are hereby **ENJOINED** from failing to provide the information required by Section 302(b) of HAVA, 42 U.S.C. § 15482(b). Paragraphs 3, 26, and 27 of this Decree apply to all elections for Federal office.

**Translation of Election Related Materials**

4.    All information that is disseminated by Cochise County in English regarding "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," 42 U.S.C. § 1973aa-1a(c), shall also be provided in Spanish. Defendants shall ensure that both English and Spanish language election information, materials, and announcements provided by Cochise County are made equally available to voters.

5.    Defendants shall consult with trained translators who are familiar with Spanish language election terminology to produce clear and accurate written translations of English language election information. The County shall develop and maintain a glossary of Spanish election terminology. In creating such a glossary, Defendants shall consult with the Advisory Group, discussed below, to ensure that the election terms selected for the glossary are commonly used by local Spanish-speaking citizens.

6.    Defendants shall adopt a checklist identifying each written item that is provided in Spanish and that the County makes available to the public at each precinct. The checklist shall include with respect to each item an attestation that the election workers at the precinct posted or made available to voters these materials in Spanish, or a detailed written explanation of why individual items had not been posted or were not available. The head of each precinct must complete and sign this document before he/she receives payment

4

1  for work in the election, subject to applicable state and federal law. Defendants shall

2  maintain a record of each such failure to complete and sign the checklist.

3  **Dissemination of Spanish Language Information**

4      7.    Defendants shall ensure that all Spanish and English language election related

5  information, materials, and announcements are made equally available. Spanish language

6  information shall be distributed through newspapers, radio and/or other media that

7  exclusively or regularly publish or broadcast information in Spanish to the local population.

8  Dissemination of these Spanish language announcements shall be in the form, frequency,

9  and media best calculated to achieve notice and understanding equal to that provided to the

10  English-speaking population and to provide substantially the same information.

11      8.    All official ballots, including absentee ballots, shall be printed bilingually in

12  both English and Spanish. Any new voting system adopted by Defendants shall offer

13  bilingual ballots or the readily apparent option of a Spanish ballot, and any audible version

14  of the ballot on such machines shall be available in at least English and Spanish.

15      9.    To the extent the County posts instructions on casting a ballot or other election

16  related information inside the voting booth, Defendants shall also provide that same

17  information in Spanish.

18  **Spanish Language Assistance**

19      10.    Defendants shall provide trained personnel who are bilingual in English and

20  Spanish to assist citizens who contact the County before, during, or after an election with

21  questions regarding the election process. Trained bilingual personnel shall be available to

22  answer voting related questions by telephone without cost during normal business hours and

23  while the polls are open on election day.

24      11.    Cochise County shall recruit, hire, and assign bilingual election workers, who

25  are able to understand, speak, read, and write Spanish and English fluently, to provide

26  assistance to limited-English proficient Spanish-speaking voters at the polls on election day.

12.     Cochise County shall survey its employees to identify personnel who speak Spanish fluently and, to the extent such employees can be made available to provide assistance, allow and encourage such employees to serve at the polls on election day. The County shall request that cities, school districts, and other entities that are involved in conducting elections in Cochise County perform similar surveys of their employees. The County shall also request each school district or other educational entity within the County to devise and implement a program that allows and encourages bilingual students selected (as permitted by state law and as part of an educational program devised by such district) to serve as election workers on election day for all County elections, including election days that fall on school days, with such students receiving all pay and benefits provided by law for such election workers. The County shall advise counsel for the United States of any entity that does not participate fully. Additionally, the County will invite members of the Advisory Group, each major political party, and other appropriate local organizations to submit names of qualified bilingual persons who might be approached to serve as bilingual election workers.

13.     Defendants shall provide bilingual assistance on election day in accordance with the following standards:

(a)     At least one election worker who is fluent in English and Spanish at each precinct that has 100 to 249 registered voters with Spanish surnames;

(b)     At least two election workers who are fluent in English and Spanish at each precinct that has 250 to 499 registered voters with Spanish surnames; and

(c)     At least three election workers who are fluent in English and Spanish at each precinct that has more than 500 registered voters with Spanish surnames.

6

1    The parties may by written agreement adjust these requirements in light of reliable

2    information that the actual need for language assistance in a particular precinct is lesser or

3    greater than these standards.

4    14.    To avoid last-minute gaps in Spanish language coverage at the polls on

5    election day due to bilingual election workers who fail to report for work, Defendants shall

6    employ personnel fluent in English and Spanish and trained in Spanish election terminology

7    who shall be on call and available to travel to a polling place not staffed by a bilingual

8    election worker to provide any necessary assistance to a limited-English proficient Spanish-

9    speaking voter. Such on-call staff shall be stationed in appropriate areas of the County,

10   including in or near Willcox, Bisbee, Sierra Vista, and Benson, so as to minimize any delay

11   for voters while the staff member travels to the designated polling place.

12   15.    Defendants shall post signs prominently in both English and Spanish at

13   polling sites stating that Spanish language assistance is available. Bilingual personnel shall

14   be identified as such by wearing bilingual badges. At sites without bilingual staff, signs in

15   both English and Spanish shall be posted that explain how voters can obtain Spanish

16   language assistance.

17   **Election Worker Training**

18   16.    Prior to each election conducted in whole or in part by the County, Defendants

19   shall train all election workers and other election personnel present at the polls on the

20   following topics:

21   (1)    the provisions of Section 203, including the legal obligation to make Spanish

22          language assistance and materials available to voters and to be respectful and

23          courteous to all voters regardless of race, color, language abilities, or national

24          origin; and

25   (2)    the requirements of Section 208 of the Voting Rights Act, 42 U.S.C. §

26          1973aa-6, regarding the rights of limited-English proficient voters to the

7

assistor of their choice. The County also shall train all bilingual election workers on Spanish language election terminology and how to interpret into Spanish the ballot, voting instructions, and other election related information.

The County shall maintain a record of which election workers attend training sessions, including the time, location, and training personnel involved.

**Response to Complaints about Election Workers**

17.   Upon receipt of complaints by voters, whether oral or written, Defendants shall investigate expeditiously any allegations of election worker hostility toward Spanish-speaking and/or Hispanic voters or election workers in any election. Defendants shall report the results of each investigation to the United States in writing within thirty days of receiving the complaint. Where there is credible evidence that an election worker has engaged in inappropriate treatment of Spanish-speaking and/or Hispanic voters or election workers, Defendants shall remove the election worker.

**Program Coordinator**

18.   The County shall retain or designate a Program Coordinator to coordinate the County's Spanish language election program. The Program Coordinator shall be able to understand, speak, write, and read fluently both Spanish and English. The County shall provide the Program Coordinator with transportation and other support sufficient to meet the goals of the Program.

19.   The Program Coordinator shall work under the supervision of the Cochise County Recorder and the Cochise County Elections and Special Districts Director ("Elections Director") to implement a Spanish language election program. The Program Coordinator's responsibilities shall include coordinating the translation of ballots and other election information; developing and overseeing publicity in Spanish, including selecting appropriate Spanish language media for notices and announcements in Spanish; recruiting bilingual election workers; assessing the Spanish language proficiency of election workers;

8

1   and devising specific steps to remedy past failures to provide election information to the

2   Spanish-speaking community.

3   **Advisory Group**

4        20.   Defendants shall form an Advisory Group to provide the County with

5   information and assistance regarding how best to provide election related materials and

6   assistance to the Spanish-speaking community. The Advisory Group shall be established

7   and chaired by the Program Coordinator.   The Program Coordinator shall invite

8   participation from all interested individuals and organizations who work with or serve the

9   Spanish-speaking community to determine how most effectively to provide election

10  materials, information, and assistance to Spanish-speaking voters.   The Program

11  Coordinator shall provide notice of all planned meetings to each member, including the

12  date, time, location, and meeting agenda at least 14 days in advance, although members of

13  the Advisory Group may agree to waive or shorten this time period as necessary. The

14  Advisory Group shall meet at least monthly from July through November 2006 and as the

15  Advisory Group determines is necessary for the duration of this Decree.

16       21.   Within five days after each meeting, the Program Coordinator shall provide

17  a written summary of the discussion and any decisions reached at the meeting to all

18  Advisory Group members and to the County Recorder and Elections Director. If the County

19  Recorder and/or Elections Director decides not to implement an Advisory Group suggestion

20  or a consensus cannot be reached respecting such suggestion, the official at issue shall

21  provide to the Advisory Group through the Program Coordinator, and maintain on file, a

22  written statement of the reasons for rejecting such suggestion.

23       22.   Defendants shall transmit to all interested members of the Advisory Group

24  copies, in English and Spanish, of all election information, announcements, and notices that

25  are provided or made available to the electorate and general public and request that they

26  share such information with others.

**Evaluation of the Program**

23.    The parties recognize that regular and ongoing reassessment may be necessary in order to provide the most effective and efficient Spanish language program. Cochise County shall evaluate the Spanish language election program after each election cycle (e.g., following 2006 elections) to determine which aspects of the program are functioning well, whether any aspects need improvement, and how to make any needed improvements. The program may be adjusted at any time upon written agreement of the parties.

**Federal Examiners and Observers**

24.    To assist in monitoring compliance with this Decree, and to protect the Fourteenth and Fifteenth Amendment rights of the citizens of Cochise County, the appointment of a federal examiner is authorized for Cochise County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a (a), for the duration of this Decree.

25.    Defendants shall recognize the authority of federal observers to observe all aspects of voting conducted in the polls on election day, including the authority to view County personnel providing assistance to voters during voting, except where the voter objects.

**HAVA Program**

26.    Defendants shall produce or obtain written posters that set forth in English and in Spanish all election related information required by Section 302(b) of HAVA, see 402 U.S.C. § 15482(b)(2), including relevant information on voting rights under applicable Federal and State laws, and prominently post such information at each polling place on the day of each election for Federal office. For each federal election, Defendants shall also include in the checklist required by Paragraph 6 an attestation that the election workers at the precinct posted or made available to voters all of the information required by Section 302(b) of HAVA, or a detailed written explanation of why such information had not been posted or was not available.

27.     Prior to each election for Federal office, Defendants shall supplement the training required by Paragraph 16 to include an explanation of the posting requirements of Section 302(b) of HAVA.

**Retention of Documents and Reporting Requirements**

28.     Throughout the duration of this Decree, the County shall make and maintain written records of all actions taken pursuant to this Decree.  Such documents, lists, and records shall be made available, upon reasonable notice, to the United States for inspection and copying.

29.     Throughout the duration of this Decree, at least ten (10) days before each County-administered election, Defendants shall provide to counsel for the United States: (a) the name, address, and precinct designation of each polling place; (b) the name and title of each election worker appointed and assigned to serve at each precinct; (c) a designation of whether each election worker is fluent in English and Spanish; (d) an electronic copy of the final, official voter registration list to be used in each such election; and (e) copies of any signs or other written information provided at polling places.

Within thirty (30) days after each such election, Cochise County shall provide to counsel for the United States any updated report regarding changes in these items as well as information about all complaints the County received at the election regarding language, assistance, or HAVA posting issues.

**Miscellaneous Provisions**

30.     The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with Section 203 and Section 302(b) of HAVA. The United States shall provide at least thirty (30) days written notice to Cochise County prior to any action to enforce this Consent Decree, and such notice shall set forth the United States' allegations of non-compliance.

1       31.    This Decree is final and binding between the parties and their successors in

2   office regarding the claims raised in this action.  This Decree shall remain in effect through

3   August 6, 2007, and the parties further stipulate that the Decree shall be extended through

4   December 31, 2008, if Defendants remain under a continuing federal statutory obligation

5   to provide minority language materials and assistance after August 6, 2007.

AGREED AND CONSENTED TO:

FOR PLAINTIFF:                          FOR DEFENDANTS:

ALBERTO R. GONZALEZ
Attorney General



WAN J. KIM                             FOR ED RHEINHEIMER
Assistant Attorney General             County Attorney
                                       Cochise County
                                       150 Quality Hill Road
                                       2nd Floor
                                       P.O. Drawer CA
                                       Bisbee, AZ 85603
PAUL K. CHARLTON                       (520) 432-8700
United States Attorney
GERALD S. FRANK
Assistant United States Attorney


JOHN K. TANNER (DC Bar. No. 318873)
Chief

GAYE L. TENOSO (DC Bar No. 394539)
Special Litigation Counsel
ALBERTO RUISANCHEZ (MD. Bar)
Trial Attorney
Voting Section
Civil Rights Division - NWB
U.S. Department of Justice
950 Pennsylvania Ave.,N.W.
Washington, D.C.  20530
(202) 305-1291
alberto.ruisanchez@usdoj.gov

Dated: ___June 16___, 2006.

13

## JUDGMENT AND ORDER

This three-judge Court, having been properly empaneled under 28 U.S.C. § 2284 and 42 U.S.C. § 1973aa-2 to consider the United States' claim under Section 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973aa-1a, and having determined that it has jurisdiction over this claim, has considered the terms of the Consent Decree, and hereby enters and incorporates herein the relief set forth above in this Decree, with the exception of Paragraphs 3, 26, and 27, which address only the United States' second cause of action under Section 302 of the Help America Vote Act of 2002, 42 U.S.C. § 15482.

ENTERED and ORDERED this 12th day of October , 2006.


_____
UNITED STATES CIRCUIT JUDGE


_____
UNITED STATES DISTRICT JUDGE


_____
UNITED STATES DISTRICT JUDGE

**JUDGMENT AND ORDER**

The Court, having jurisdiction over the United States' claim under Section 302 of the Help America Vote Act of 2002, 42 U.S.C. § 15482 (Plaintiff's second cause of action), has considered the terms of the Consent Decree, and hereby enters and incorporates herein the relief set forth above in Paragraphs 3, and 26 through 31 of this Decree.

ENTERED and ORDERED this 12th day of October , 2006.

_____
UNITED STATES DISTRICT JUDGE

ATTACHMENT 2(d)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
05-11598-WGY

UNITED STATES OF AMERICA,

     Plaintiff,

        v.

CITY OF BOSTON, MASSACHUSETTS, ET AL.

     Defendants

October 18, 2005

## ORDER

The parties have filed a joint motion to enter a revised order concerning their Memorandum of Agreement and Settlement.

The three-judge court heard argument concerning this joint motion on October 17, 2005. The court understands from representations made by the City of Boston and from the United States that paragraphs 22 through 25 of the Memorandum of Agreement and Settlement are intended to and will have the effect of obtaining meaningful consultation from relevant community groups (through the Task Force and by other means) as to pre-election procedures and materials as well as to post-election critiques.

Based upon these representations and our review of the documents, we hereby order, adjudge, and decree that:

(1)    The appointment of federal examiners is authorized for the City of Boston pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a), through December 31, 2008.

(2)    The parties have entered into a comprehensive Memorandum of Agreement and Settlement resolving the disputes between them, a copy of which is attached, with the following modification: the last sentence of Paragraph 25 of the Agreement is stricken. The court further orders, without objection from the parties, that any substantial

modification of the Memorandum of Agreement and Settlement shall be filed contemporaneously with the court. This matter shall be placed on the Court's inactive docket, and the Court shall retain jurisdiction, through expiration of said Agreement and the Court's interlocutory order authorizing appointment of federal examiners, both to occur on December 31, 2008, at which time this matter shall be dismissed.

(3)     Should there be a need to do so prior to December 31, 2008, the Department of Justice or the City of Boston, separately or together, may return to this court to resolve disputes under the Memorandum of Agreement and Settlement.


_____
U.S. Circuit Judge Sandra L. Lynch


_____
U.S. District Judge William G. Young


_____
U.S. District Judge Patti B. Saris

**MEMORANDUM OF AGREEMENT AND SETTLEMENT**

Whereas Section 2 of the Voting Rights Act of 1965 requires that citizens be allowed to participate equally in all phases of the election process without regard to race, color or membership in a language-minority group, 42 U.S.C. § 1973, and said Section applies to all areas of the United States; and

Whereas the City of Boston has been subject to the requirements of Section 203 of the Voting Right Act, 42 U.S.C § 19733aa-la, with respect to the Spanish language, since l992, *see* 57 Fed. Reg. 43,213-02 (Sept. 18, 1992); and

Whereas the Voting Rights Act protects those language-minority groups against which there has been a history of discrimination in voting in the United States, and specifically defines "language minorities" or "language minority group" as including only persons who are American Indian, Asian American, Alaskan Natives or of Spanish heritage, 42 U.S.C. § 1973l(c)(3); 42 U.S.C. § 1973aa-1a(e); and

Whereas the Director of the Census determined on July 26, 2002, that the City of Boston continued to be subject to Section 203 coverage under the Voting Rights Act for Spanish-heritage citizens, based on a determination that more than 10,000 citizens in the City are members of a language-minority group, specifically of Spanish heritage, who do not speak English well enough to participate effectively in an English-language election process, and the illiteracy rate of these persons as a group is higher than the national illiteracy rate, *see* 67 Fed. Reg. 48,871 (July 26, 2002); and

Whereas the Department of Justice has, since 1992, sent the City of Boston and other jurisdictions covered under Section 203 information regarding Section 203's requirements and

has met with City officials and officials of other jurisdictions to further explain these requirements; and

Whereas the City maintains that since 1992 it has undertaken to provide full and fair access to its elections to language-minority groups, including citizens of Spanish heritage, in accordance with its obligations and responsibilities under Section 203 of the Voting Rights Act, including providing minority-language assistance at a number of polling places, bilingual signage and literature relevant to the City's voting practices and procedures, and bilingual ballots; and

Whereas the Department of Justice filed a civil complaint against the City of Boston on July 29, 2005, captioned *United States of America v. City of Boston, et al.,* Civil Action No. 05-11598, claiming violations of the Voting Rights Act in regard to the City's covered language-minority voting population; and

Whereas the Department of Justice's Civil Rights Division, which has primary enforcement responsibility for the Voting Rights Act, has alleged that the City of Boston is not in compliance with Sections 2 and 203 of the Voting Rights Act and needs to take steps to ensure that all minority-language voters covered by the Act, including Spanish-speaking, Chinese-speaking, and Vietnamese-speaking voters, have equal access to the City's electoral process for all city, state, and federal elections administered in whole or in part by the City; and

Whereas the City of Boston disputes the Justice Department's allegations, and asserts it is committed to increasing its current efforts to provide covered language-minority voters equal access to the election process and to resolving whatever differences there may be with the Department of Justice regarding the manner in which it has endeavored to provide the franchise to covered language-minority groups in the City, and has entered into discussions and negotiations with the Department of Justice intent on reaching agreement as to what

2

improvements the City might adopt so as to satisfy the Department of Justice that the City's voting practices and procedures will fully and fairly apply to citizens of covered language-minority groups, in the same manner as they are applied to English-speaking citizens, as required by the Voting Rights Act; and

Whereas the City of Boston and the Department of Justice have reached agreement with respect to the matters set forth herein, and are desirous of working together in the future so as to ensure that covered language-minority citizens of voting age in the City of Boston are provided the same opportunity to participate in the franchise as are other voting-age citizens to the fullest extent possible;

NOW THEREFORE, for full, fair and adequate consideration given and received, it is hereby agreed as follows:

1.      The City of Boston, its employees, agents, successors in office, and all persons acting in concert with it, agree to continue, as they have since at least 2002, to provide in Spanish all of those "registration or voting notices, forms, instructions, assistance or other materials or information relating to the electoral process, including ballots" that the City provides in English, so that such materials are equally available in Spanish and English, as required by Section 203 of the Voting Rights Act, as amended, 42 U.S.C. § 1973aa-1a(c), and also provide such materials and information the City may have recently begun providing, and all future such materials and information.  In similar fashion, the City further agrees henceforth to provide such election materials in Chinese and Vietnamese as it provides in English in accordance with the terms of this Agreement.

3

2.      The terms of this Agreement shall apply to all federal, state, and local elections administered by the City of Boston to the fullest extent permitted by law, which shall include elections run in whole or in part by the City for the Commonwealth of Massachusetts or any political subdivision of the Commonwealth.  To insure the City's full authorization to perform its obligations and responsibilities hereunder, the City of Boston commits to seek passage by the Legislature of the Commonwealth of Massachusetts, before the next scheduled state elections on September 19, 2006, of Home Rule Legislation pursuant to the Home Rule Amendment to the Massachusetts Constitution and the Massachusetts Home Rule Procedures Act, G.L. c.43B, s.1, *et seq.*, authorizing use by the City of Chinese and Vietnamese bilingual ballots as required by this Agreement in all federal and state elections administered by the City.  If said Home Rule Legislation has not been obtained 90 days prior to the September 19, 2006 elections, the City, together with the Department of Justice, will immediately file with the Court a joint petition for a declaratory order regarding the City's authority to print and distribute such bilingual ballots in said state election, while continuing the City's Home Rule initiative to similar effect.  The parties agree that such an order would be necessary and appropriate under all of the circumstances.

3.      The City of Boston, its employees, agents, successors in office, and all persons acting in concert with it, agree not to engage in any act or practice which has as its purpose or result the denial or abridgment of the right to vote on the basis of membership in a language-minority group in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

4.      The United States agrees to move to dismiss its complaint against the City of Boston based on the City's willingness to enter into this Agreement, and, to that end, the parties hereto agree to jointly move for conditional dismissal pursuant to Rule 41(a)(2), Fed. R. Civ. P.

**Minority Language Assistance**

5.      The City of Boston agrees to continue to make available by telephone, without cost, trained bilingual election personnel able to speak Spanish to answer voting-related questions during normal business hours, and while the polls are open on election days.  In addition, the City agrees to provide like telephone assistance, without cost, through trained bilingual election personnel able to speak Chinese and Vietnamese to assist members of those language-minority groups on election days.

6.      The City of Boston agrees to recruit, hire, and assign available bilingual election officers able to understand, speak, read, and write Spanish fluently to provide assistance to Spanish-speaking voters at the polls on election days.  In addition, the City agrees similarly to recruit, hire, and assign available bilingual election officers to assist Chinese-speaking and Vietnamese-speaking voters at the polls on election days.

7.      The City of Boston agrees to survey City employees to identify those who speak Spanish, Chinese, or Vietnamese fluently, and to allow and encourage such employees, as they can be made available to provide assistance, to serve at the polls on election day.  The City further agrees to strive to find and utilize qualified bilingual persons fluent in Spanish, Chinese, or Vietnamese to serve as election officers, and, to that end, shall, among other outreach efforts, invite recommendations of names from each major political party, request each educational entity within or proximate to the City to allow and encourage selected bilingual students (as allowed by state law and as part of an educational program) to serve as election officers, even on election days that fall on school days, and receive academic credit appropriate to their service as well as all pay and benefits of election officers, and urge eligible members of the Mayor's Advisory Task Force (including its Community Liaisons and the individuals and organizations with which they

5

are in contact, as discussed below), also to serve as and help recruit election officers.

8.   The City of Boston agrees to increase substantially its pool of bilingual election officers so as to serve all voters who need assistance in Spanish to vote.  In 2000, the Census Bureau, based on data it collected, determined that 35 out of every 100 voting-age citizens of Spanish heritage in Boston were unable to speak English well enough to participate in a political process administered in English.  With that information-base, and applying the Census Bureau Spanish surname list to the City's voter registration rolls -- the best current measure of the likely need for assistance by Spanish-speaking voters in Boston -- the City agrees to supplement its existing targeting program, so that any polling place in which there are, according to the Census Bureau Spanish surname list:

> (a)   100-249 registered voters with Spanish surnames, shall be staffed by at least one Spanish-speaking election officer;

> (b)   250-499 registered voters with Spanish surnames, shall be staffed by at least two Spanish-speaking election officers;

> (c)   500-999 registered voters with Spanish surnames, shall be staffed by at least three Spanish-speaking election officers; and

> (d)   1,000 or more registered voters with Spanish surnames, shall be staffed by at least four Spanish-speaking election officers.

The parties may by written agreement adjust these requirements in light of reliable information that the actual need for language assistance in a particular polling place is lesser or greater than these standards.

9.   The City of Boston further agrees to provide bilingual election officers to assist at polling places serving Chinese and Vietnamese voters on a basis suited to the differing needs of

6

these language-minority groups. The Census Bureau reports higher rates for Chinese (50%) and Vietnamese (61%) citizens of voting age who are unable to speak English well enough to participate in elections conducted in English than it reports for their counterparts of Spanish heritage (35%). Moreover, surname lists compiled of Asian-American citizens, such as the Lauderdale-Kestenbaum List, by necessity exclude common but ethnically ambiguous surnames (such as "Lee"), so that such lists understate the actual numbers of Chinese and Vietnamese citizens. Accordingly, the Department of Justice uses a separate formula for each minority-language group, as appropriate, to measure the likely need of that group of voters for language assistance at the polls. With that information-base and to better serve the needs of its Chinese and Vietnamese citizens, the City of Boston agrees to the following commencing with the November 8, 2005 Citywide election:

(a)     any polling place in which there are, according to the Lauderdale and Kestenbaum surname list:

>    (1)     35-84 registered voters with Chinese surnames, shall be staffed by at least one Chinese-speaking election officer;
>
>    (2)     85-169 registered voters with Chinese surnames, shall be staffed by at least two Chinese-speaking election officers;
>
>    (3)     170-339 registered voters with Chinese surnames, shall be staffed by at least three Chinese-speaking election officers; and
>
>    (4)     340 or more  registered voters with Chinese surnames, shall be staffed by at least four Chinese-speaking election officers.

(b)     any polling place in which there are, according to the Lauderdale and Kestenbaum surname list:

(1) 30-74 registered voters with Vietnamese surnames, shall be staffed by at least one Vietnamese-speaking election officer;

(2) 75-149 registered voters with Vietnamese surnames, shall be staffed by at least two Vietnamese-speaking election officers;

(3) 150-299 registered voters with Vietnamese surnames, shall be staffed by at least three Vietnamese-speaking election officers; and

(4) 300 or more registered voters with Vietnamese surnames, shall be staffed by at least four Vietnamese-speaking election officers.

The parties may by written agreement adjust these requirements in light of reliable information that the actual need for language assistance in a particular polling place is lesser or greater than these standards.

10.    The City of Boston agrees to have available on election days bilingual persons, trained in Spanish-language election terminology and all election procedures, as appropriate, who shall be on call to travel to polling places not staffed by a bilingual election officer to provide any necessary assistance to any Spanish-speaking voter. Similarly, the City agrees to have bilingual persons trained in Chinese and Vietnamese on call on election days to provide like services as needed to assist Chinese-speaking or Vietnamese-speaking voters.

11.    The City of Boston agrees to post signs prominently in English and Spanish at all polling places in the City, indicating that Spanish-speaking assistance is available by a telephone in the polling place. Similarly, the City agrees to post signs prominently in English and Chinese and in English and Vietnamese indicating that assistance in either Chinese or Vietnamese, as appropriate, is available by a telephone in the polling place.

8

**Election officer training**

12.    Prior to each election, in addition to any other required state or city training, the City of Boston agrees to increase existing training of all election officers and other election personnel to be present at the polls on the legal requirements of Sections 2 and 203 of the Voting Rights Act, including making minority-language assistance and materials available to voters in an appropriate manner, applying all voting standards and practices equally, allowing voters their assistor of choice consistent with and as limited by Section 208 of the Voting Rights Act, provisional voting, the need to enforce state law prohibitions against campaigning in or near the polls, and other election-related issues, and being respectful and courteous to all voters regardless of race, ethnicity, color, or language abilities.  In addition to the general training for election officers, the City of Boston agrees to train all bilingual election officers (whether they be Spanish, Chinese or Vietnamese speakers) on election terminology and voting instructions for their specific language.  The City of Boston further agrees to maintain a record of which election officers attend training sessions, including the time, location, and training personnel involved.

13.    In order to be eligible to serve as an election officer, an individual must commit orally or in writing that he or she will: (1) treat all voters equally and with respect; (2) honor the candidate and other ballot choices of all voters who receive assistance in marking their ballots, and avoid making any statement or allowing any person to make any communication within or near the polls to influence any voter's ballot choice; (3) allow voters requiring assistance to choose a person to assist, consistent with Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6; and (4) offer voters provisional ballots who are entitled to such ballots under Massachusetts law and the Help America Vote Act of 2002, 42 U.S.C. § 15482(a).  The Election Department shall maintain records to demonstrate that each election officer has made this

9

commitment.

**Response to Complaints About Election Officers**

14.     The City of Boston agrees, at the request of and on the responsibility of the
Department of Justice, to remove from the polls any election officer who the Department of
Justice advises has, in its judgment, knowingly violated the requirements set forth in items one
and two in Paragraph 13 of this Agreement.

15.     The City of Boston, upon receipt of complaints by voters, or their representatives
or agents, whether oral or written, agrees to investigate expeditiously any allegations of election-
officer hostility toward minority-language voters in any election.  Where there is credible
evidence that election officers have engaged in inappropriate treatment of voters, the City of
Boston shall continue its practice of discipline, to include termination and removal of such
election officers for future elections, where appropriate.

**Translation of Election Materials**

16.     The City of Boston agrees to employ trained translators who are familiar with
Spanish-language election terminology to produce clear and accurate written translations, and
also to employ trained translators who are familiar with Chinese-language and/or Vietnamese-
language election terminology for the same purposes.

17.     The City of Boston agrees to compile a checklist identifying each written or
printed item of election information that the City of Boston makes available to the public at each
polling place.  The checklist shall include for each item an attestation that the election officers at
the polling place posted or made available to voters these materials in each minority language, as
required in this Agreement, and shall also include sufficient space for insertion of a detailed
written explanation of why individual items were not posted or available.  The Wardens for each

10

polling place must complete and sign this checklist or, where appropriate, provide written explanation for a failure to do so, before the Warden receives payment for work in the election, subject to applicable state and federal law. The City of Boston agrees to maintain a record of each failure to complete and sign the checklist.

### Dissemination of Minority Language Information

18.     The City of Boston agrees to disseminate all bilingual election information, materials, and announcements produced hereunder (whether in Spanish, Chinese or Vietnamese) to the same extent and on comparable terms as they are disseminated by the City in English, including distributing said bilingual election information, materials, and announcements in newspapers, radio, and/or other media that exclusively or regularly publish or broadcast information in Spanish, Chinese, or Vietnamese, as appropriate. Such election information and materials, except for ballots, need not be identical in all respects to English-language materials, but shall be in the form, frequency, and media best calculated to achieve notice and understanding equal to that provided to the English-speaking population and to provide substantially the same information.

19.     The official ballot and absentee ballots shall continue to be provided bilingually in English and Spanish or, on any electronic voting machine, shall be readily available in Spanish as an option. Any audio version of the ballot on such machines shall be available in English and Spanish. Beginning January 1, 2006, official and absentee ballots shall also be provided bilingually in Chinese and English and Vietnamese and English, and on any electronic voting machine shall be readily available in Chinese and Vietnamese as an option, consistent with this Agreement. Any audio version of the ballot on such machines shall be available in Chinese and Vietnamese, as well as in English and Spanish.

11

20.   Beginning with elections after January 1, 2006, the City agrees to provide ballots bilingual in English and Chinese and/or English and Vietnamese as agreed in Paragraph 19 above at each of the polling places staffed with at least one Chinese-speaking election officer (in the case of English-Chinese ballots) or Vietnamese-speaking election officer (in the case of English-Vietnamese ballots) as described in Paragraph 9(a) and (b) above, the number of such ballots to be equal to the number of Chinese or Vietnamese surnamed registered voters, as appropriate. After each election, the parties will evaluate whether the English and Chinese and English and Vietnamese bilingual ballots should be distributed to additional or different polling places, and make appropriate changes.  For the November 8, 2005 City election, the City agrees to produce and affix a sample or facsimile ballot, as nearly identical in size and layout to the official ballot, in the Chinese language inside each voting booth in the polling places identified in Paragraph 9(a)(1) – (4) above and in Vietnamese inside each voting booth in the polling places identified in Paragraph 9(b)(1) – (4) above.  The City agrees to solicit the assistance of the Advisory Task Force in the production of said sample ballots.

21.   To the extent the City of Boston provides sample ballots in English to voters who request them, the City of Boston shall also provide sample ballots in Spanish to voters who request them.   For the November 8, 2005 Citywide election, the City also agrees to the extent it provides sample ballots in English to use its best efforts to provide sample ballots in Chinese and Vietnamese in similar fashion to voters who request them, and agrees to provide such sample ballots on the same basis as for English for all elections thereafter.

**City Elections Language Coordinator**

22.   The City of Boston agrees to employ an individual to coordinate the City's minority-language election programs (the "City Elections Language Coordinator") for all

12

elections administered in whole or in part by the City of Boston. The employment of a permanent City Elections Language Coordinator consistent with the City's employment procedures shall be completed no later than January 1, 2006, and in the interim the Election Department will consult with the Office of New Bostonians and the linguistics liaisons of Neighborhood Services to address the needs as enumerated in this Paragraph. The City of Boston further agrees to provide the City Elections Language Coordinator with all the support necessary to meet the goals of the Program. The City Elections Language Coordinator shall work under the supervision of the Chair of the Election Department. The City Elections Language Coordinator's oversight responsibilities shall include: training of bilingual election officers; recruitment and assessment of the minority-language proficiency of bilingual election officers and interpreters; coordination of translation of election information, including the Election Department's website; development of an election glossary to insure uniform use of election terminology in Spanish, Chinese, and Vietnamese; development, selection and oversight of minority-language media and other election notices, announcements and information, including effective notices of poll site information and voter assignments; and managing other aspects of the Program. To accomplish these tasks, the City shall appoint from among the members of the Mayor's Advisory Task Force a Community Liaison for each of the three language-minority communities covered by this Agreement -- the Spanish-speaking community, Chinese-speaking community, and Vietnamese-speaking community. The City of Boston further agrees to assign a full-time City employee, fully familiar with the election process within the City of Boston, who speaks Spanish to work with the Spanish Community Liaison, a comparable City employee who speaks Chinese to work with the Chinese Community Liaison, and a comparable City employee who speaks Vietnamese to work with the Vietnamese Community Liaison. These employees

shall assist the Community Liaisons in conducting outreach to their respective communities and

partner with the Liaisons in aiding the City Elections Language Coordinator's achievement of his

or her responsibilities.

**Advisory Task Force**

23.     The City Elections Language Coordinator and each Community Liaison shall be

members of the Mayor's Advisory Task Force that has been established to coordinate and assist

efforts of the City of Boston to address concerns of the City's language-minority groups,

including concerns relating to the distribution and dissemination of bilingual election materials.

To fully effectuate this Agreement and to serve effectively and efficiently the varying needs of

each covered language-minority group, the designated Community Liaison shall be fully able to

read, write, and speak fluently the language of the language-minority group he or she has been

appointed to represent.  The Community Liaison, along with his or her City employee

counterpart whenever possible, shall meet periodically with interested individuals and

organizations that work with or serve that Community Liaison's particular covered minority-

language group in the City of Boston to receive comments, input and guidance on how more

effectively the City might be able to provide election materials, information, and assistance to

those minority-language voters, and to publicize the City's minority-language election programs.

Said meetings shall occur at least monthly through 2006, and as frequently thereafter as the

Community Liaison determines is necessary to insure that the language-minority community

served is being heard and its comments, input and guidance are being fully considered by the

Mayor's Task Force.  The Advisory Task Force shall meet regularly throughout the year to

review with the City Elections Language Coordinator and the Community Liaisons the City's

performance under this Agreement, and to consider comments and recommendations made by

the City Elections Language Coordinator and the Community Liaisons. At least one such

meeting of the Task Force shall occur within 45 days of any city, state or federal election

administered by the City, following which the City Elections Language Coordinator shall provide

a written summary to the Mayor, the Chair of the Election Department, and all members of the

Task Force of the discussion and any decisions reached at the meeting. Said written summary

shall include a statement of reasons supporting any decision made by the Chair of the Election

Department not to implement a Task Force suggestion regarding any particular voting practice or

procedure.

24.     The City of Boston agrees to transmit, by electronic mail, facsimile or other

means, to all interested persons and organizations, copies of all bilingual election information,

announcements, and notices that are provided to the electorate and general public, together with

an election glossary containing accepted election terminology in Spanish, Chinese and

Vietnamese, and request that they share such information with their members, clientele, and

representative language-minority groups. The Election Department shall maintain a separate list

of persons and organizations interested in receiving materials and information in each language.

**Evaluation of Plan**

25.     The parties to this Agreement recognize that regular and ongoing cooperation and

reassessment may be necessary to provide the most effective and efficient bilingual election

program. The City of Boston therefore agrees to evaluate each bilingual program after each

election (e.g., following the 2005 preliminary election) to determine which aspects of such

programs are functioning well, whether any aspects need improvement, and, if improvements are

needed, how to address them. The Department of Justice shall be available to meet with the City

of Boston following each election to share information it learns through its federal examiners,

15

and to assist the City of Boston in its ongoing assessment of its bilingual election program. This Agreement may be adjusted at any time upon written agreement of the parties.

**Retention of Documents and Reporting Requirements**

26.    During the duration of this Agreement, the City of Boston agrees to make and maintain written records of all actions taken pursuant to this Agreement, and to make copies of such records available to the Department of Justice upon request.

27.    During the duration of this Agreement, at least 30 days before each election held in whole or in part within the City of Boston, the City of Boston agrees to provide to the Assistant Attorney General, Civil Rights Division, Department of Justice, or his designee, a list of polling places to be used for such election, the precincts voting at each such polling place, the number of election officers to be appointed and assigned to serve at each polling place who are bilingual and the language(s) spoken by each such officer, and an electronic copy of the list of registered voters for such election, as known at that time. Within 30 days following certification of election results for each election, the City of Boston agrees to provide to the Assistant Attorney General, Civil Rights Division, Department of Justice, or his designee, any updated report regarding the aforesaid polling information, and further to advise said Department official on all complaints the City of Boston received before, on, or after election day concerning language or voter assistance issues. Unless otherwise specified, or as may be changed from time to time, all reports, notices or any other written communications required to be submitted under this Agreement shall be sent to the undersigned counsel at the Department of Justice, at the following address:

> Voting Section
> U.S. Department of Justice

16

Civil Rights Division
950 Pennsylvania Ave., N.W. – NWB-7254
Washington, D.C. 20530

Facsimile: (202) 307-3961

E-mail: John.K.Tanner@usdoj.gov

**Preliminary Measures for the September 27, 2005 Preliminary Election**

28.     Given the limited amount of time between execution of this Agreement and the

September 27, 2005 preliminary election, this Paragraph sets forth the City of Boston's

obligations for that election and that election only.  The other provisions of this Agreement will

apply to all future elections, commencing with the November 8, 2005 final election, or as soon as

otherwise provided in this Agreement, through expiration of this Agreement.  The City of Boston

shall undertake the following initial, reasonable, and practicable steps for the September 27, 2005

preliminary election:

    Bilingual Election Officers

(a)     While the City of Boston shall make best efforts to recruit and hire the number of

bilingual, Spanish-speaking, Chinese-speaking, and Vietnamese-speaking election officers set

forth in Paragraphs 8(a) - (d),  9(a)(1) - (4), and  9(b)(1) - (4) above, the City of Boston agrees to

appoint at least one Spanish-speaking election officer to each polling place in the City of Boston

with 100 or more Spanish-surnamed registered voters; at least one Chinese-speaking election

officer to each polling place with 35 or more Chinese-surnamed registered voters; and at least

one Vietnamese-speaking election officer to each polling place with 30 or more Vietnamese-

surnamed voters.  The parties recognize the time constraints and appreciate the challenges

17

involved in meeting the appointment goals set forth in this Paragraph and agree to meet and confer on a frequent basis to facilitate achievement of these requirements, and make adjustments, if necessary.

Election Officer Training

(b)      Prior to the September 27, 2005 preliminary election, the City of Boston agrees to continue its existing training for all election officers to be respectful and courteous to all voters regardless of race, ethnicity, or language abilities, and to provide provisional ballots to those voters who are eligible to vote by provisional ballot.

(c)      The City of Boston further agrees to instruct its wardens and bilingual election officers during election officer training that the bilingual election officers must be available to assist voters needing language assistance at all stages of the voting process – including at the sign-in table, during voting demonstrations, and while voting at the voting booths.  The City of Boston also agrees to include in its instruction of all its election officers that voters needing language assistance may be given assistance by a person of the voters' choice consistent with and as limited by Section 208 of the Voting Rights Act, and that all applicable state law prohibitions against campaigning in or near the polls shall be enforced.

Signs and Ballots

(d)      Signs in English and Spanish shall be posted prominently at all polling places in the City of Boston, indicating that Spanish-speaking assistance is available by a telephone in the polling place.

(e)      Signs in English and Chinese shall be posted prominently at those polling places identified in Paragraph 9(a)(1) - (4) stating that Chinese-language assistance is available, if in

18

fact the particular polling place has bilingual staff, or explaining how voters can obtain assistance in Chinese if there is no bilingual election officer present.

(f)      Signs in English and Vietnamese shall be posted prominently at those polling places identified in Paragraph 9(b)(1) - (4) stating that Vietnamese-language assistance is available, if in fact the particular polling place has bilingual staff, or explaining how voters can obtain assistance in Vietnamese if there is no bilingual election officer present.

(g)      The City of Boston shall continue to provide a bilingual ballot in English and Spanish to each of the City's polling places.  As time and circumstances permit, the City of Boston shall also use its best efforts to produce and affix a sample or facsimile ballot, as nearly identical in size and layout to the official ballot, in the Chinese language inside each voting booth in the polling places identified in Paragraph 9(a)(1) - (4) above and in Vietnamese inside each voting booth in the polling places identified in Paragraph 9(b)(1) - (4) above.  The City agrees to solicit the assistance of the Advisory Task Force in the production of said sample ballots.

### Other Provisions

29.      This Agreement is final and binding between the parties and their successors in office regarding the claims raised in this action.  This Agreement shall remain in effect through December 31, 2008.  Either party may move this Court for such orders as may be necessary for the effectuation of the terms of this Agreement and to ensure compliance with the Voting Rights Act.

30.      Each party shall bear its own costs and fees.

Agreed to this _15th_ day of _September_ , 2005.

AGREED TO
For UNITED STATES OF AMERICA:     For CITY OF BOSTON:

BRADLEY J. SCHLOZMAN                    WILLIAM BRADFORD REYNOLDS
Acting Assistant Attorney General       Howrey LLP
Civil Rights Division                   1299 Pennsylvania Avenue, NW
                                        Washington, D.C. 20004-2402
                                        (202) 383-6912

JOHN TANNER                             MERITA A. HOPKINS
Chief                                   Corporation Counsel
CHRISTOPHER COATES                      City of Boston
Principal Deputy Chief                  Boston City Hall
SUSANA LORENZO-GIGUERE                  Room 615
Special Counsel                         Boston, MA 02201
JAMES D. WALSH                          (617) 635-4017
ABEL GOMEZ
ALBERTO RUISANCHEZ
Attorneys
Voting Section
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-6346